# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 12-272 (DWF/LIB) |
| Plaintiff, | |
| v. | **ORDER AND MEMORANDUM** |
| Brian Gordon Graves, | |
| Defendant. | |

Deidre Y. Aanstad and James S. Alexander, Assistant United States Attorneys, United States Attorney's Office, counsel for Plaintiff.

Reynaldo A. Aligada, Jr., Assistant Federal Public Defender, Office of the Federal Defender, counsel for Defendant.

## INTRODUCTION

This matter is before the Court on Defendant's Motion for New Trial (Doc. No. 51). For the reasons set forth below, the Court denies Defendant's motion.

## MEMORANDUM

**I.    Background**

The Indictment in this case charged Defendant Brian Gordon Graves ("Defendant") with Assault with a Dangerous Weapon, in violation of 18 U.S.C. § 113(a)(3), and Domestic Assault by an Habitual Offender, in violation of 18 U.S.C. § 117. (*See* Doc. No. 1.) Specifically, the Indictment asserted that, on or about

October 6, 2012, Defendant, who had been previously been convicted of two prior violent offenses, assaulted L.R.K. with a shotgun on the Red Lake Indian Reservation. (*Id.*) Both counts proceeded to trial by jury. Prior to the commencement of the jury trial, the Court heard an offer of proof with respect to the hearsay statements of L.R.K. to law enforcement officer Dana Lyons, who responded to L.R.K.'s residence following a neighbor's 911 call reporting gunshots. Captain Lyons testified as to L.R.K.'s demeanor and the statements L.R.K. made when she came to the door. The Court admitted L.R.K.'s statements, made at the door, and prior to questioning by law enforcement, as excited utterances. The Court further denied Defendant's request to call L.R.K. to testify during the offer of proof. On January 31, 2013, the jury returned its verdict, finding Defendant guilty of Counts 1 and 2. (Doc. No. 42.)

## II.     Defendant's Motion

Defendant now moves for a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. (Doc. No. 51.) Defendant claims that the Court: (1) erroneously admitted hearsay testimony; and (2) improperly denied Defendant's request to call the victim during the offer of proof on the hearsay issue. The Government opposes Defendant's motion. (Doc. No. 55.)

Rule 33 of the Federal Rules of Criminal Procedure provides that "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "The court should balance the alleged errors against the record as a whole and evaluate the fairness of the trial to determine whether a new trial is appropriate." *United States v. Eagle*, 137 F.3d 1011, 1014 (8th Cir. 1998) (internal

2

quotations omitted); *see also United States v. Davis*, 103 F.3d 660, 668 (8th Cir. 1996) (In assessing whether a defendant is entitled to a new trial on the basis that the verdict is contrary to the weight of the evidence, "the district court weighs the evidence and evaluates anew the credibility of the witnesses to determine if a miscarriage of justice may have occurred.").

### A. Admissibility of Excited Utterances

Hearsay is not admissible unless one of several exceptions applies. *See* Fed. R. Evid. 802; *United States v. Constantine*, 674 F.3d 985, 989 (8th Cir. 2012). One such exception, known as the "excited utterance" exception, applies to any statement "relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." Fed. R. Evid. 803(2). Excited utterances are not excluded by the rule against hearsay, regardless of whether the declarant testifies as a witness. *See generally* Fed. R. Evid. 803; *see also United States v. DeMarce*, 564 F.3d 989, 997 (8th Cir. 2009) ("The rationale of the excited utterance exception is that the stress of nervous excitement or physical shock stills the reflective faculties, thus removing an impediment to truthfulness.").

In determining whether a declarant was under "the stress of excitement" at the time she made a statement, a court must consider "the lapse of time between the startling event and the statement, whether the statement was made in response to an inquiry, the age of the declarant, the physical and mental condition of the declarant, the characteristics of the event, and the subject matter of the statement." *United States v. Wilcox*, 487 F.3d 1163, 1170 (8th Cir. 2007). The court must also evaluate "whether the

3

declarant's stress or excitement was continuous from the time of the event until the time of the statement[]." *Id*.

In ruling that L.R.K.'s initial statements to Captain Lyons, at the time he arrived on the scene, constituted excited utterances, the Court considered the relevant factors and noted, in particular, that, despite the approximately 35 minutes it took Captain Lyons to arrive at the scene, L.R.K. appeared to have been crying, was visibly distraught, disturbed, and still emotionally affected and stressed by the event that had occurred. The Court further noted that L.R.K. did not place the 911 call to police and thus did not expect law enforcement to arrive at her residence. Ultimately, the Court admitted only the initial statements made by L.R.K. and not those statements made in response to police inquiry during the formal interview, which took place after Captain Lyons entered the house and began to question L.R.K. about precisely what had transpired. *See United States v. Brun*, 416 F.3d 703, 707-08 (8th Cir. 2005). The Court thus concludes that its decision to admit the statements at issue as excited utterances was not erroneous or improper.

### B. Defendant's Request to Call Victim During Offer of Proof

Defendant also contends that the Court abused its discretion by refusing to permit L.R.K. to testify for the defense during the offer of proof. Defendant claims that L.R.K. fabricated her report of the events to Captain Lyons and thus had time to reflect on her statements before Captain Lyons arrived at her residence. While L.R.K.'s testimony at trial was inconsistent with her earlier statements, any discrepancies went to the weight the jury may have accorded the excited utterances and not to their admissibility. Moreover, it

4

was L.R.K.'s trial testimony—not her initial statements to law enforcement—upon which she had a substantial opportunity to reflect and deliberate. At the offer of proof stage, the Government presented to the Court the testimony that Captain Lyons would give before the jury, and the Court determined that L.R.K.'s initial statements were admissible and excepted from the hearsay rule of exclusion, while her later statements were not; it was not for the Court to evaluate the credibility of L.R.K.'s statements vis-à-vis her trial testimony at that time. *See United States v. Yarrington*, 634 F.3d 440, 447 (8th Cir. 2011) ("The purpose of an offer of proof is to inform the court and opposing counsel of the substance of the excluded evidence and to provide the appellate court with a record sufficient to allow it to determine if the exclusion was erroneous."). Therefore, the Court did not erroneously prohibit L.R.K.'s testimony at the offer of proof stage.

## CONCLUSION

The Court finds that the verdict reached by the jury in this case was not contrary to the weight of the evidence. No miscarriage of justice will occur if the jury's verdict is allowed to stand. Nor was the Court's decision to permit testimony regarding L.R.K.'s excited utterances (without permitting L.R.K. to testify at the offer of proof) improper. Defendant received a fair trial from a fair and impartial jury, and sufficient evidence exists to support the jury's verdict. Consequently, the interest of justice does not require the Court to vacate the verdict rendered by the jury as to either count. As such, the Court respectfully denies Defendant's motion for a new trial.

## ORDER

Based upon the foregoing, and the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for New Trial (Doc. No. [51]) is **DENIED**.

Dated: May 13, 2013              s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 United States District Judge